IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **BRIAN ADONIS ISLER,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 5:25-cv-158-MTT-CHW |
| : | |
| **OFFICER JAMES HARRIS,** *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

**ORDER**

Pending before the Court is a Complaint filed by *pro se* Plaintiff Brian Adonis Isler, a prisoner currently confined in the Ware State Prison in Waycross, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On May 22, 2025, the Court granted Plaintiff's motion to proceed *in forma pauperis* and ordered Plaintiff to either pay an initial partial filing fee of $20.50 or to file a renewed motion for leave to proceed *in forma pauperis* explaining his present inability to pay. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply could result in the dismissal of this case. *See generally* ECF No. 7.

The time for compliance has now passed, and Plaintiff has not paid the initial partial filing fee as ordered. As Plaintiff was warned, the failure to comply with the orders and instructions of the Court is grounds for dismissal. ECF No. 7 at 4. Plaintiff is therefore **ORDERED** to **SHOW CAUSE** to the Court, **WITHIN FOURTEEN (14) DAYS** from the date of this Order, why this case should not be dismissed for failure to comply with the

May 22nd Order. If Plaintiff wishes to continue with this action, he must also pay the initial partial filing fee of $20.50 or submit a renewed motion for leave to proceed *in forma pauperis* within **FOURTEEN (14) DAYS** of the date of this Order.[1]

Plaintiff also filed a motion for appointed counsel (ECF No. 8). "Appointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

---

[1] Plaintiff did file a notice of change of address indicating he had been transferred to Ware State Prison (ECF No. 9). The notice of change of address was dated after the time for compliance with the May 22nd Order had already expired, however, and the May 22nd Order was never returned to the Court as undeliverable. There is therefore no indication that Plaintiff did not receive the May 22nd Order prior to his transfer. In an abundance of caution, however, the Clerk is **DIRECTED** to mail Plaintiff a copy of the May 22nd Order, along with his copy of this Order, to his new address at Ware State Prison.

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that the appointment of counsel is not justified. Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). As such, Plaintiff's motion for appointment of counsel (ECF No. 8) is **DENIED**.[2] Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

To reiterate, Plaintiff's motion for appointed counsel (ECF No. 8) is **DENIED**, and if Plaintiff wishes to continue with this action, he must pay an initial partial filing fee of $20.50 or submit a renewed motion for leave to proceed *in forma pauperis* within **FOURTEEN (14) DAYS** of the date of this Order. **Failure to fully and timely comply**

---

[2] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay counsel for their representation or authorize courts to compel counsel to represent an indigent party in a civil action. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (stating that district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915 provides no such authority).

**with this Order will likely result in the dismissal of this case.**  Plaintiff must also notify the Court immediately and in writing of any change in his mailing address.  There shall be no service of process until further order of the Court.

    **SO ORDERED**, this 11th day of July, 2025.

                                            <u>s/ Charles H. Weigle</u>
                                            Charles H. Weigle
                                            United States Magistrate Judge